**FIRST ANNAPOLIS BANCORP, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 94–522C.**

United States Court of Federal Claims.

Aug. 8, 2006.

Dale A. Cooter, Cooter, Mangold, Tompert & Karas, LLP, Washington, D.C., for Plaintiff.

Richard B. Evans, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant; Timothy Abraham, Melinda Hart, Mark Pittman, James R. Whitman, Department of Justice, Civil Division, Washington, D.C., Of Counsel.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DE BENE ESSE DEPOSITION

WILLIAMS, Judge.

This matter comes before the Court on Plaintiff's motion to strike the *de bene esse* deposition of Jeffrey Craig Sweeney *in toto,* on the ground that the testimony contains improper expert opinion.[1] The Court conducted a trial in this *Winstar* case from June 19–22, 2006, which focused on whether loans to shareholders constituted a prior material breach of Plaintiff's alleged contract, thereby precluding recovery. In his *de bene esse* deposition, Mr. Sweeney, the Federal Deposit Insurance Corporation's (FDIC's) manager of Subsidiary Accounting and Resolution Support, testified about the financial condition of the bank at issue as of December 31, 2005, based upon a Goodwill Financial Reporting Package he reviewed and approved. In particular, Mr. Sweeney testified about the net losses sustained by Defendant in the resolution of the bank. Because the Sweeney deposition qualifies as lay opinion testimony under Federal Rule of Evidence 701, it is admitted, and the motion to strike is denied.

---

1. Plaintiff further objected on grounds that the witness was not competent to testify because he lacked personal involvement with the bank and that the testimony was not relevant. Deposition of Jeffrey Craig Sweeney (June 6, 2006) (Sweeney Dep.) at 19–23, 26–28.

### Background [2]

Mr. Sweeney is the Manager of the Subsidiary Accounting & Resolution Support Unit in the Division of Finance at the FDIC. Sweeney Dep. at 8. Mr. Sweeney has been in this position for approximately five years and has been working at the FDIC for 21 years. *Id.* at 8. He graduated with a bachelor's degree in accounting from Middle Tennessee State University in 1984 and received a certified public accountant (CPA) license from the State of Tennessee in March of 1990. *Id.* at 15–22. Mr. Sweeney began working for the FDIC in 1985 and has worked for the agency in Tennessee and Massachusetts in numerous accounting positions. *Id.* at 9. In 1994, he became a senior accountant for the FDIC in Washington, D.C. and was subsequently promoted to unit chief over accounts receivable and cash accounting in 1996. In 2001, he was promoted to his current position at the FDIC. *Id.* at 9. Mr. Sweeney manages nine accountants, and he reports to the Chief of the Accounting Operations Section. *Id.* at 10.

Mr. Sweeney's unit has responsibility for accounting for all of the fixed assets of the FDIC, generating receivership service billings, and preparing goodwill financial reporting packages. Sweeney Dep. at 10. As required by the Federal Institutions Reform, Recovery and Enforcement Act (FIRREA), the FDIC creates goodwill financial reporting packages (goodwill packages) for use in *Winstar* litigation. A goodwill package provides the parties in *Winstar* litigation with information about the history of the receivership from the time it was taken over by the FDIC to the current date of financial statements. Mr. Sweeney is familiar with goodwill packages and testified that the packages include information about the initial statement of the condition of the failed bank and reflect any adjustments that were made during the pro forma process. A goodwill package also normally includes a document that traces the balances from the pro forma statement to the statement of assets and liabilities. *Id.* at 11. To create a goodwill package, Mr. Sweeney's staff looks at the institution's previous year's financial statements and the transactions relating to the receivership from the date of the financial statements forward. As Mr. Sweeney explained, his staffers also "make any updates and verify that data ... against the assets and balance sheet and income statements that are generated for that receivership to make sure that they are, in fact, reconciled with one another." *Id.* at 12. Mr. Sweeney reviews goodwill financial reporting packages once his staff prepares them. *Id.* at 11.

Mr. Sweeney has been reviewing this particular bank's goodwill packages since he assumed his current position at the FDIC in December of 2001. Sweeney Dep. at 26. Mr. Sweeney reviewed the March 31, 2006 Goodwill Financial Reporting Package for First Federal Savings Bank of Annapolis (Goodwill Package) that his staff created and signed this Goodwill Package on behalf of his supervisor, Craig Jarvill, Chief of the Accounting Operations Section. *Id.* at 13, Defendant's Exhibit (DX) 635.[3]

### Discussion

Plaintiff objects to the admission of Mr. Sweeney's testimony arguing it is expert opinion testimony, noting that Defendant did not designate Mr. Sweeney as an expert witness pursuant to Rule 26(2) of the Rules of the Court of Federal Claims (RCFC).[4]

Opinion testimony by lay witnesses is admissible under Federal Rule of Evidence 701. The rule provides:

---

2. The circumstances surrounding the thrift crisis of the early 1980's and the ensuing enactment of the FIRREA have been extensively set forth in *United States v. Winstar Corp.*, 518 U.S. 839, 116 S.Ct. 2432, 135 L.Ed.2d 964 (1996) and its progeny and a general understanding of these cases is assumed. The factual background of the instant litigation is more fully set forth in *First Annapolis Bancorp, Inc. v. United States*, 54 Fed.Cl. 529 (Fed.Cl.2002).

3. Mr. Sweeney testified that he has the authority to sign goodwill packages on Mr. Jarvill's behalf and it is not unusual for him to do so. Sweeney Dep. at 13–14.

4. Plaintiff raised this objection in its Contentions of Law and Fact and made its motion to strike at trial. Tr. at 502–08, 520–25. Defendant likewise opposed this motion orally at trial. Tr. at 508–20. Plaintiff objected to DX 635 during the Sweeney deposition. Sweeney Dep. at 15–16.

[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701. The Advisory Committee notes to the 2000 Amendment of Rule 701 explain that the addition of section (c) is intended to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing" thereby avoiding the requirement of disclosing expert witnesses.[5] A witness may provide both lay and expert testimony, but "any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702." *Id.*

▮ Lay opinion testimony is admissible if the witness bases his or her opinion on personal or firsthand knowledge, has a rational basis for the opinion, and the opinion is helpful to the determination of a fact at issue. *Asplundh Mfg. Div. v. Benton Harbor Eng'g,* 57 F.3d 1190, 1198 (3d Cir.1995). Not all lay witnesses offering opinions that require specialized knowledge or experience have to qualify under Federal Rule of Evidence 702. *Id.* at 1201. A lay witness can offer opinion testimony based on first-hand knowledge once the Court determines that a witness has the requisite specialized knowledge or experience to offer the opinion. *Asplundh,* 57 F.3d at 1201–02; *Mississippi Chem. Corp. v. Dresser–Rand Co.,* 287 F.3d 359, 373 (5th Cir.2002).

▮ Lay opinion testimony by an accountant concerning lost profits or value of a business has been held admissible under

Federal Rule of Evidence 701. In *Teen–Ed, Inc. v. Kimball Int'l,* 620 F.2d 399 (3d Cir. 1980), the Third Circuit ruled that the district court incorrectly assumed that the opinions of an accountant would comprise expert opinion testimony. *Id.* at 402. The court explained:

[t]he fact that [the witness] might have been able to qualify as an expert witness on the use of accepted accounting principles in the calculation of business losses should not have prevented his testifying on the basis of his knowledge of appellant's records about how lost profits could be calculated from that data contained therein.

*Id.* at 403–04. While lay witness opinion testimony is more restricted than expert testimony, a lay witness accountant may testify on the basis of facts or data perceived in his role as an accountant based on his personal knowledge of the company. *Id.* Additionally, courts "have allowed lost profit testimony by a layperson witness if the witness has direct knowledge of the business accounts underlying the profit calculation." *Mississippi Chem. Corp.,* 287 F.3d at 374; *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1175–76 (3d Cir.1993) (admitting accountant's lay opinion testimony on lost profits based on particularized knowledge of and participation in business). *See also In re Merritt Logan, Inc.* 901 F.2d 349, 360 (3d Cir.1990) (admitting lay opinion testimony of principal shareholder of company concerning lost profits).

To the extent Mr. Sweeney's testimony contains opinion, it is admissible under FED. R. EVID. 701 as a lay opinion. In essence, Mr. Sweeney walks the Court through the numbers and statements in the Goodwill Package based upon his familiarity both with the document and the FDIC's methodology in creating the document. The entries in the Goodwill Package were derived from the bank's financial statements and other documents of record and were readily susceptible

---

5. Federal Rule of Evidence 702 provides:
[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an

opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
FED. R. EVID. 702.

to cross-examination, as were the witness' credibility and the FDIC's methodology. *See Mississippi Chem. Corp.*, 287 F.3d at 374 (finding that cross-examination was appropriate to challenge figures, credibility and methodology of lay witness.)

The Goodwill Package itself is admissible as a business record under FED. R. EVID. 803(6) as the document was created and maintained by Mr. Sweeney's staff under his supervision as part of the FDIC's regular business practice. Given Mr. Sweeney's responsibility for overseeing preparation of the document as well as his personal familiarity with it, he is competent to testify regarding it. Further, Mr. Sweeney is competent to explain the document and the condition of the bank it reflects based upon his years of experience with the FDIC.

Although Mr. Sweeney may well have been qualified as an expert in accounting, his failure to have been designated as such an expert does not automatically disqualify him from testifying about the condition of the bank based upon his knowledge of bank records and the FDIC's Goodwill Packages he gained in the scope of his employment with the FDIC. *Teen–Ed*, 620 F.2d at 403–04.

In sum, Mr. Sweeney's limited testimony regarding the bank's condition based upon his understanding of bank and FDIC records gleaned during his employment is not expert opinion. The testimony is not his opinion based upon specialized accounting principles applied to the facts of this case as contemplated by FED. R. EVID. 702—rather, it is an explanation of an FDIC Goodwill Package by an FDIC employee charged with overseeing reviewing and approving that Package.

Mr. Sweeney's testimony and the Goodwill Package reflecting the bank's net losses as of December 31, 2005, are relevant to the materiality of any breach arising from the shareholder loans, as they may provide context for the financial impact of such loans.

### Conclusion

Plaintiff's motion to strike is denied. Mr. Sweeney's *de bene esse* deposition is admitted *in toto*.

Plaintiff's objection to DX635 is overruled. DX 635 is admitted.